United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DESALEGN ATIKILTY,<br><br>    Defendant. | Case No.: CR 13-00256-PJH (KAW)<br><br>DETENTION ORDER |

## I. BACKGROUND INFORMATION

Defendant Desalegn Atikilty is charged by indictment with a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm).

Defendant initially appeared before the undersigned on May 29, 2013, and was charged with the instant offense. On that date, Defendant was remanded to custody pending a detention hearing scheduled for May 31, 2013. On May 31, 2013, Defendant waived his right to a detention hearing and waived findings, while retaining his right to seek release at a later date should his circumstances change. On June 27, 2013, Defendant requested a full detention hearing, so Pretrial Services prepared a full bail study. On July 2, 2013, the Court conducted a detention hearing. Defendant was present, in custody, and represented by Assistant Federal Public Defender Ellen Leonida. Assistant United States Attorney Brigid Martin appeared on behalf of the Government. For the reasons stated below, the Court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the Government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the Government does not meet its

DETENTION ORDER
CR 13-00256-PJH (KAW)      1

burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

///

///

DETENTION ORDER
CR 13-00256-PJH (KAW) 2

### A. The Nature and Circumstances of the Offense and Weight of the Evidence

The indictment charges that on or about March 26, 2013, Defendant, having previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, unlawfully and knowingly possessed a firearm, specifically, a 9mm Glock firearm, serial number TAL026, in and affecting interstate and foreign commerce, all in violation of Title 18, U.S.C. § 922(g)(1). The nature and circumstances of this offense weigh in favor of detention.

At the hearing, the Government proffered that an officer had found Defendant in his illegally parked car near a park with children present. The officer smelled marijuana emanating from the car and found Defendant's eyes blood shot and glazed over. Defendant admitted that he had been smoking marijuana but told the officer that he had a cannabis card. The officer conducted a wants and warrants check and determined that Defendant was on active parole following a robbery conviction. The officer conducted a parole search of Defendant's person and found a small baggie containing suspected methamphetamine. The officer also found a firearm located on the floor board of the car next to the driver's seat. The firearm was a 9mm Glock loaded 9 rounds of ammunition. The firearm had been reported stolen in a residential burglary a week earlier.

After waiving his *Miranda* rights, Defendant admitted to possessing the firearm, though he claimed he had found it at a friend's house. Accordingly, the weight of the evidence weighs in favor of detention.

### B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

Defendant is 28 years old. He was born in Sudan, immigrated to the United States in 1992, and became a naturalized citizen in 1997. He has resided in Oakland, California since emigrating, and prior to his arrest lived with his mother and his brother, Grimay Atikilty.

Defendant obtained his GED in 2002. Prior to his arrest, he was attending City Build Academy in San Francisco, California for an apprenticeship in construction and sheet metal, but he was unable to continue due to his arrest for the instant offense.

Defendant is currently unemployed, and has virtually no verifiable employment history as he has only reported working odd jobs in 2005 and 2006 in Oakland, California. Defendant reports that he is financially dependent on his mother.

Defendant indicated he does not consume any alcohol, but Defendant's brother noted that the Defendant drinks alcohol socially. As for illicit drug use, Defendant states that he first tried marijuana when he was issued a marijuana card after he was involved in a car accident in 2010, and he smoked several times a month until his arrest. Defendant reported that he has never received any substance abuse treatment. The Court notes Defendant was found in possession of marijuana and suspected methamphetamine at the time of his arrest for the instant offense.

Factors that suggest the Defendant may pose a danger to the community include the nature of the instant offense— felon in possession of a stolen firearm— which occurred while he was on parole for robbery, a violent offense, and his prior criminal history, which commenced when he was a juvenile. Defendant has a history of supervised release violations, while on both probation and parole, some of which resulted in modification, revocation, and additional jail and prison time. This indicates that he is not amenable to community supervision. Given the above, there is no condition or combination of conditions to reasonably assure the safety of the community should the Defendant be released at this time.

**C. Risk of Nonappearance**

Defendant also poses a risk of nonappearance. Defendant has dual citizenship with Sudan and the United States and a history of international travel, as well as passports issued by both countries. Defendant is not currently employed and has no verifiable employment history. Defendant has also admitted to illicit drug use. Defendant has two Failures to Appear, both resulting in bench warrants being issued, multiple supervised release violations, and a history of committing criminal offenses while on some form of supervision. The current charges against Defendant carry a maximum penalty of ten years in prison. Defendant previously failed to appear on lesser theft charges, and he is even less likely to appear given the severity of the potential sentence in this case. While there is no indication that Defendant knowingly created aliases for a

DETENTION ORDER
CR 13-00256-PJH (KAW)  4

criminal purpose, according to his criminal history, he has used three aliases or variations of his own name and one alternate date of birth.

Mitigating factors include the Defendant's residence in this District since emigrating from Sudan, that he last traveled internationally over 10 years ago, and that there are conditions available to address some of the risk factors listed above.

Defendant offered his girlfriend, mother, and friend as proposed sureties. Defendant's girlfriend, Mercedes Pruitt, was originally willing to support Defendant and post bond, but she is now unwilling to assist because she has tried to help him in the past and believes that he does not want to change. She and the Defendant are no longer in a relationship. Defendant was not aware that the relationship was over until reading about it in the Pretrial Services report.

Defendant's mother, Astede Berhe, is willing to assist the Defendant by cosigning an unsecured appearance bond as she has no cash or property to post on the Defendant's behalf. She is also willing to serve as a third party custodian and allow the Defendant to reside at her residence in Oakland, California. Ms. Berhe is a home care-giver and earns a monthly salary of $1,200. She is a citizen of the United States with no prior criminal history, and she was present at the Defendant's detention hearing. Defendant, however, allegedly committed the instant offense while on parole while he was residing with his mother. Therefore, there is no indication that she would provide sufficient moral suasion for Defendant to abide by the terms of his pretrial release.

Defendant's friend, Kimiko De La Torre, is also willing to assist the Defendant by cosigning an unsecured bond as she has no cash or property to post on Defendant's behalf. Ms. De La Torre is employed as a part-time loader and unloader for the United Parcel Services (UPS). She earns a weekly salary of $50 to $125. She is a United States citizen with no prior criminal history, and she also present at the Defendant's detention hearing.

Defendant has a propensity to violate probation and parole by committing new offenses, and it is unlikely that an unsecured bond would provide Defendant with sufficient moral suasion to abide by the conditions of pretrial release. In light of the above, Pretrial Services does not believe any combination of release conditions could be imposed to reasonably mitigate the Defendant's risk of flight or nonappearance.

DETENTION ORDER
CR 13-00256-PJH (KAW)    5

## III. CONCLUSION

In light of Defendant's criminal history, the nature of the instant offense, and the weight of the evidence, the Court finds that Defendant presents a danger to the community and a risk of nonappearance, and that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: July 5, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE